**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| RHONDA ANN JONES (MURKERSON), | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:08cv884-WHA |
| | ) | |
| HOGAN TRANSPORTS, INC., et al., | ) | (wo) |
| | ) | |
| Defendants. | ) | |


**MEMORANDUM OPINION AND ORDER**

**I. INTRODUCTION**

This case is before the court on a Motion for Summary Judgment filed by Defendant

Hogan Transports, Inc. (Doc. #14).

The Plaintiff, Rhonda Ann Jones (Murkerson), filed a Complaint in this case bringing a

claim for negligence against Hogan Transports, Inc.[1]  The Defendant, Hogan Transports, Inc.,

has moved for summary judgment on that claim.

For the reasons to be discussed, the Motion for Summary Judgment is due to be

DENIED.

**II.  SUMMARY JUDGMENT STANDARD**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper

"if the pleadings, depositions, answers to interrogatories, and admissions on file, together with

---

[1]  The Plaintiff has included Hellmon Griffin, Jr. as a Defendant in this case, but that
Defendant was never served with a Complaint.  The court issued an order giving the Plaintiff
until June 5, 2009 to show cause why the case should not be dismissed as to Hellmon Griffin, Jr.
pursuant to Rule 4(m).  No response has been received by the court.  Hellmon Griffin, Jr. is,
therefore, due to be dismissed as a defendant in this case.

the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Celotex,* 477 U.S. at 324. To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

## III.  FACTS

The submissions of the parties establish the following facts, viewed in a light most favorable to the non-movant:

This case arises from an incident which occurred at the Fred's Store in Daleville, Alabama in March 2008. Fred's Inc. is a chain of retail discount stores. The Plaintiff, Rhonda Ann Jones (Murkeson), was employed as the operations manager of the Fred's Store.

The Defendant, Hogan Transports, Inc., is a commercial motor carrier which contracted to transport freight from Fred's Inc. distribution centers to Fred's retail stores.

On the day of the incident in question, Fred's Store in Daleville was receiving a shipment of merchandise from a tractor-trailer operated by Hogan. There is no dispute that the Plaintiff fell to the ground after having been in back of a tractor trailer and was injured. The facts of what happened between the tractor-trailer's arrival and the Plaintiff's injury are in dispute. The evidence presented by the Defendant is that the Plaintiff entered the trailer to retrieve a box of Ramen noodles while the driver, Hellmon Griffin, Jr., was in the cab. The evidence of the Defendant is that the Plaintiff jumped from the trailer when the truck began to move. The Plaintiff's evidence is that she entered the trailer and retrieved a box of Ramen noodles, then followed the driver into the building while she was carrying the box of Ramen noodles from the trailer and placed that box in the building. She further testifies that she and the driver left the building together before she entered the trailer to retrieve a second box of Ramen noodles. According to the Plaintiff, she was thrown from the truck, and did not know the driver was going to move the truck when she entered the trailer the second time.

## IV. <u>DISCUSSION</u>

The Defendant has moved for summary judgment arguing that the Plaintiff cannot prove that the driver of its truck was not acting with due care. The Defendant further states that there is no proximate cause connecting the actions of its driver with any injuries sustained by the Plaintiff because the evidence establishes that the actions of the Plaintiff are the sole contributing cause of the accident. Finally, the Defendant moves for summary judgment on the basis of contributory negligence on the part of the Plaintiff.

The Defendant relies on the deposition of Dianna Maulden, a witness at the scene, that the driver of the truck was already in the cab of the truck and could not have seen the Plaintiff

enter the back of the truck.  *See* Maulden Dep. at page 29.   Dianna Maulden also testified that the Plaintiff jumped from the trailer.  *Id.* at 139: 11-14.

As outlined above, the Plaintiff's evidence is inconsistent with Dianna Maulden's account.  The Plaintiff testified in her deposition that the driver had gone into the building and that she followed him with a box of Ramen noodles.  She then testified that the driver came back out of the building with the Plaintiff, and that he walked down the stairs, whereas she entered the trailer and that she grabbed a second Ramen noodle box in the trailer.  Plaintiff Dep. page 76:4-77:9.  She also testified, however, that the driver may not have known she was there.  *Id.* at page 93: 11-12.  The Plaintiff also denies that she jumped from the trailer.  *Id.* at page 92:8-14.  The court, in reviewing a motion for summary judgment, must accept the Plaintiff's version of events, and must draw all reasonable inferences in favor of the non-movant Plaintiff.  *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

The Defendant's position is that despite the Plaintiff's testimony, summary judgment is due to be granted on the issue of the driver's duty because there is no evidence that the driver, Hellmon Griffin, Jr., knew or should have known that a Fred's employee would enter the trailer prior to the driver completing his docking maneuver.  Given the Plaintiff's testimony, however, that she entered the building with the driver carrying a box of Ramen noodles and that they exited the building together, the court must conclude that a question of fact has been created which must be resolved by the jury at trial.  Similarly, the Plaintiff's testimony as to her actions is sufficient to create a question of fact on the issue of contributory negligence.  Accordingly, the Motion for Summary Judgment is due to be DENIED.

# V. <u>CONCLUSION</u>

For the reasons discussed, the Motion for Summary Judgment is due to be and is hereby ORDERED DENIED.

It is further ORDERED that, the Plaintiff not having shown cause why this suit should not be dismissed without prejudice as to Hellmon Griffin, Jr. pursuant to Federal Rule of Civil Procedure 4(m), and for good cause shown, Hellmon Griffin, Jr. is DISMISSED without prejudice.

The case will proceed to trial against Hogan Transports, Inc. on the Plaintiff's negligence claim.

Done this 7th day of August, 2009.

/s/ W. Harold Albritton
W.  HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE